**87 So.2d 520**

**Edna Clarice JOHNSON, Wife of George F. Indest, Jr., and George F. Indest, Jr.**

**v.**

**F. Irvin DYMOND and Charles A. Levy, Jr.**

**No. 41667.**

March 26, 1956.

Rehearing Denied May 7, 1956.

Frederick G. Veith, New Orleans, for plaintiffs-appellants.

George W. Reese, Jr., New Orleans, for defendants-appellees.

FOURNET, Chief Justice.

Mrs. Edna Clarice Johnson, having effected a reconciliation with her husband, George F. Indest, Jr., the day following the judgment and order of the district court awarding her the temporary custody of their minor child and awarding her alimony pendente lite in her suit for separation from bed and board, joined her husband in this suit for damages against the attorneys representing her in the separation suit, claiming that certain allegations of the petition in that suit [1] were false, unauthorized, and libelous; and from an adverse judgment by the trial court based on the verdict of a jury they prosecute this appeal.

A review of the pleadings and the evidence in the record shows that the plaintiffs have conspicuously failed to bear the burden that was theirs, and that no other conclusion in the case was possible. No useful purpose would be served in answering arguments raised in plaintiffs' brief, or in making a detailed analysis of the evidence. Suffice it to say, as to the claim concerning the false and libelous character of the allegations in the separation suit, that their truth was substantially established by the testimony of the plaintiffs themselves; and as to the claim that the statements were unauthorized, we think that the evidence clearly establishes that the defendant attorneys, in preparing the petition for separation from bed and board, made the allegations complained of in accordance with the information given them, and with the authority of their client, the plaintiff Mrs. Indest.

For the reasons assigned, the judgment appealed from is affirmed.

---

1. Those allegations were quoted in excerpt form: "that for over two years your petitioner's husband has physically abused her;" "your petitioner's husband punched or slapped petitioner in the face, knocking her to the floor;" "he has continually harassed, cursed, vilified and beaten your petitioner with his hands, subjecting her to extreme cruel and excruciating pain and unbeatable [sic] mental pain."